UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKOU KWANE THOMPSON,<br>   Plaintiff,<br>   v.<br>KATHLEEN ALLISON, et al.,<br>   Defendants. | Case No. 23-cv-05079-HSG<br>**ORDER OF SERVICE** |

Plaintiff, a prisoner currently housed at Correctional Training Facility ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  His complaint (ECF No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A.  Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants California Department of Corrections and Rehabilitations ("CDCR") director Kathleen Allison; Correctional Training Facility ("CTF") wardens Louis Martinez and Craig Koeing; CTF facility captains J. Ortega, and T. Mak; CTF correctional counselors A. Esparaza and M. Creamer; and CTF classification staff representative A. Hernandez.

The complaint makes the following allegations. On June 30, 2021, defendants Ortega and Esparza conspired to refer Plaintiff to a classification staff representative for an adverse transfer to a higher security level facility. On August 3, 2021, defendant Hernandez approved Plaintiff for housing on CTF Level II. On September 20, 2021, defendants Mak and Creamer affirmed the housing move. On October 4, 2021, a prison official moved into Plaintiff's cell a known violent level II inmate who had recently fought another cellmate. On October 24, 2021, Plaintiff's cellmate viciously attacked him. Plaintiff requests the following relief: $50,000 in compensatory damages and $10,000 in punitive damages against each defendant; a declaratory judgment that the acts and omissions described violated Plaintiff's constitutional rights, and an injunction ordering defendants to stop practicing underground policies by inappropriately housing Level I inmates in Level II facilities.

The complaint will be dismissed with leave to amend for the following reasons.

First, defendants Allison, Martinez and Koenig are dismissed from this action because

Plaintiff has made no claims against them. If Plaintiff seeks to amend his claims against these defendants, the Court advises as follows. Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no Section 1983 liability simply because an individual supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right). Similarly, conclusory allegations that a supervisor promulgated unconstitutional policies and procedures which authorized their subordinates' unconstitutional conduct are speculative and do not suffice to state a claim of supervisory liability. *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018).

        Second, Plaintiff has failed to state an Eighth Amendment claim for deliberate indifference to inmate safety against defendants Ortega, Mak, Esparaza, Creamer, and Hernandez. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. *See id.* at 837. Here, outside of the general allegation that Level I inmates should not be housed in Level II housing, the complaint does not explain how defendants Ortega, Mak, Esparaza, Creamer, and Hernandez knew that housing Plaintiff in CTF's Level II housing exposed Plaintiff to an excessive risk to his safety. There is no allegation that any of these defendants knew that Plaintiff would be housed with an inmate that had recently attacked his prior cellmate, or that any of these defendants were aware of any facts from which the inference could be drawn that Plaintiff faced a substantial risk of serious

3

1  harm if housed in CTF's Level II housing.

2      The Court GRANTS Plaintiff leave to file an amended complaint to correct the above

3  deficiencies.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant

4  leave to amend unless pleading could not possibly be cured by allegation of other facts).  In

5  preparing an amended complaint, Plaintiff should identify what each defendant did that violated

6  his rights under the federal Constitution and federal law, and identify the federal constitutional

7  provision or law violated.

## CONCLUSION

    For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies.  The amended complaint must include the caption and civil case number used in this order, Case No. 23-05079 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 7/31/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge