UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKOU KWANE THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No. 23-cv-05079-HSG<br><br>**ORDER SCREENING FIRST AMENDED COMPLAINT; GRANTING LEAVE TO AMEND ONE CLAIM; DENYING REQUEST FOR COUNSEL**<br><br>Re: Dkt. Nos. 12, 13 |

Plaintiff, a prisoner currently housed at Correctional Training Facility ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 12) is now before the Court for review pursuant to 28 U.S.C. § 1915A. This order also addresses Plaintiff's request for appointment of counsel. Dkt. No. 13.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Procedural History**

The initial complaint named as defendants California Department of Corrections and Rehabilitations ("CDCR") director Kathleen Allison; Correctional Training Facility ("CTF") wardens Louis Martinez and Craig Koeing; CTF facility captains J. Ortega, and T. Mak; CTF correctional counselors A. Esparaza and M. Creamer; and CTF classification staff representative A. Hernandez. The initial complaint alleged that in 2021, defendants Ortega, Esparza, Hernandez, Mak, and Cramer approved Plaintiff for an adverse transfer to a higher security level facility; on October 4, 2021, an unnamed prison official moved into Plaintiff's cell a known violent level II inmate who had recently fought another cellmate; and that, shortly thereafter, Plaintiff was viciously attacked by the cellmate. *See generally* Dkt. No. 5. The Court dismissed defendants Allison, Martinez and Koenig because the complaint made no claims against them. The Court also found that the initial complaint failed to state an Eighth Amendment claim for deliberate indifference to inmate safety against defendants Ortega, Mak, Esparza, Creamer, and Hernandez because, outside of the general allegation that Level I inmates should not be housed in Level II housing, the initial complaint did not explain how defendants Ortega, Mak, Esparza, Creamer, and Hernandez knew that housing Plaintiff in CTF's Level II housing exposed Plaintiff to an excessive risk to his safety. The Court granted Plaintiff leave to file an amended complaint to correct these deficiencies. *See generally* Dkt. No. 11.

//

### C. Amended Complaint

The amended complaint again names as defendants former Correctional Training Facility ("CTF") warden Craig Koeing, CTF facility captains J. Ortega, and T. Mak; CTF correctional counselors A. Esparaza and M. Creamer; and CTF classification staff representative A. Hernandez. The amended complaint adds as defendants former California Department of Corrections and Rehabilitations ("CDCR") director Connie Gipson, and a John Doe CTF prison official. The amended complaint no longer names as defendants CDCR director Allison or CTF warden Louis Martinez.

The amended complaint makes the following allegations. On June 30, 2021, Plaintiff was seen by defendants Ortega and Esparza for a Unit Classification Committee ("UCC") meeting regarding transfer consideration due to Facility D's anticipated closure, and was informed that he would be transferred to CTF's Level II Non-Designated Programming Facility ("NDPF"), and that refusal to comply with the transfer could result in disciplinary action and/or placement in a more restrictive level of housing. Plaintiff objected to the transfer and requested that he be transferred to another Level I facility, which he stated would be consistent with Departmental needs, safety and security, his placement scores, and "administrative determinants." Despite his objections, Plaintiff was transferred to CTF's Level II NDPF. On September 29, 2021, during his classification committee hearing, Plaintiff reiterated to defendants Mak and Creamer his request that he be transferred to a Level I housing unit, due to his safety concerns. Defendant Hernandez approved Plaintiff's transfer to a Level II NDPF, despite Plaintiff's repeated statements that he was concerned for his safety on a Level II facility and Plaintiff's central file indicating his Level I status. Defendants Gipson and Koenig made a policy change three years ago that constituted deliberate indifference to Plaintiff's safety because the change "ran afoul of rulemaking procedures and introduced the potential for violence;" and because the change did not follow the State Administrative Procedures Act. An unidentified prison official moved a known violent Level II individual into Plaintiff's cell, and Plaintiff was later attacked by this inmate. *See generally* Dkt. No. 12.

The amended complaint suffers from the same deficiencies as the initial complaint.

1    The amended complaint fails to state an Eighth Amendment claim with respect to
2 Plaintiff's placement in a Level II facility.  The Eighth Amendment requires that prison officials
3 take reasonable measures to guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825,
4 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the
5 prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged
6 is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately
7 indifferent to inmate health or safety.  *Farmer*, 511 U.S. at 834.  A prison official is deliberately
8 indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to
9 take reasonable steps to abate it.  *Id.* at 837.  The official must both be aware of facts from which
10 the inference could be drawn that a substantial risk of serious harm exists, and he must also draw
11 that inference.  *See id.* at 837.  Similar to the initial complaint, the amended complaint's Eighth
12 Amendment claim relies solely on the conclusory allegation that Plaintiff cannot be safely housed
13 in a Level II facility because he is a Level I inmate.  Conclusory allegations are insufficient to
14 state a Section 1983 claim upon which relief can be granted.  *See Ashcroft*, 556 U.S. at 664.  The
15 "policy change" and related housing transfer that Plaintiff is challenging appears to be the
16 CDCR's decision to merge CTF's Level I and Level II sensitive needs yards ("SNY") prisoners
17 (also referred to as protective custody prisoners) with CTF's Level I and Level II general
18 population ("GP") prisoners, and house them together on Non-Designated Programming Facilities
19 ("NDPF").  Courts have already rejected the claim that this merger violated the Eighth
20 Amendment's prohibition on deliberate indifference to inmate safety.  *See Cruz v. Diaz*, No. 19-
21 CV-01974-JST, 2022 WL 20184653, at *14-*17 (N.D. Cal. July 25, 2022) (holding that CTF's
22 merger of Level I and Level II SNY prisoners and GP prisoners did not violate the Eighth
23 Amendment) ("Consolidated Plaintiffs have presented neither colorable evidence that they face a
24 substantial risk to their safety if housed on a NDPF, nor that there is an obvious risk to their safety.
25 *Thomas*, 611 F.3d at 1150-51.  Even if Defendants had been aware of a substantial risk of serious
26 harm to Consolidated Plaintiffs (or other GP inmates), Defendants have shown that they took steps
27 to abate the risk of harm and that they were reasonably justified in continuing with converting
28 yards to NDPFs.  *Thomas*, 611 F.3d at 1150-51.").  The Court therefore DISMISSES with

1  prejudice Plaintiff's Eighth Amendment claims arising out of his allegation that he should not
2  have been housed on an NDPF or on a Level II facility because of his Level I classification.  As
3  these are the only claims against defendants Gipson, Koenig, Ortega, Mak, Creamer, Esparza, and
4  Hernandez, these defendants are DISMISSED from this action with prejudice.

However, the amended complaint's allegation that a prison official deliberately housed Plaintiff with an inmate known to be violent possibly states an Eighth Amendment claim for deliberate indifference to inmate safety.  But this action cannot proceed solely against a Doe defendant, in part because it is effectively impossible for the United States Marshal to serve a Doe defendant and without service, this case cannot move forward.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (use of "John Doe" to identify a defendant is not favored in the Ninth Circuit).  The Court GRANTS Plaintiff leave to file a second amended complaint identifying by name the individual prison official who allegedly violated his federal rights by housing him with an inmate known to be violent.  Plaintiff may be able to obtain the names of these individuals by accessing his classification records or using the CDCR Form 22.  In preparing a second amended complaint, Plaintiff should keep in mind the elements of an Eighth Amendment claim and allege sufficient factual allegations from which it can be reasonably inferred that the defendant was aware of facts from which the inference could be drawn that Plaintiff faced a substantial risk of serious harm, and the defendant drew such an inference.

D.     **Request for Appointment of Counsel (Dkt. No. 13)**

Plaintiff requests that the Court appoint him counsel, arguing that counsel is needed because he is unable to afford counsel; he has been granted leave to proceed *in forma pauperis*; his imprisonment greatly limits his ability to litigate; the issues in this case are complex and will require substantial research and investigation; Plaintiff has limited access to the law library and limited knowledge of the law; and a trial would involve conflicting testimony and counsel would be better enable Plaintiff to present evidence and cross-examine witnesses.  *See generally* Dkt. No. 13.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981).  A court "may request an attorney to represent any person unable to afford counsel." 28

U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* At this stage of the action, it is unclear that Plaintiff will succeed on the merits as there is currently no operative complaint. The request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. Dkt. No. 13.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DISMISSES with prejudice Plaintiff's Eighth Amendment claims arising out of his allegation that he should not have been housed on an NDPF or on a Level II facility because of his Level I classification; and dismisses defendants Gipson, Koenig, Ortega, Mak, Creamer, Esparza, and Hernandez from this action because these are the only claims against these defendants.

2. The Court DISMISSES the Eighth Amendment claim that a prison official deliberately housed Plaintiff with an inmate known to be violent because this action cannot proceed solely against a Doe defendant. The Court GRANTS Plaintiff leave to file a second amended complaint naming this prison official.

3. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint in accordance with the instructions in this order. The second amended complaint must include the caption and civil case number used in this order, Case No. 23-05079 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to

proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference.  Plaintiff may not replead his claims that he should not be housed on a Level II yard because he was classified as a Level I inmate, or that Level I and Level II inmates should not be housed together.  Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

4. The Court DENIES Plaintiff's request for appointment of counsel without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.

This order terminates Dkt. No. 13.

**IT IS SO ORDERED.**

Dated:  10/3/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge