UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKOU KWANE THOMPSON,<br>Plaintiff,<br>v.<br>KATHLEEN ALLISON, et al.,<br>Defendants. | Case No. 23-cv-05079-HSG<br>**ORDER GRANTING SECOND EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 18 |

Plaintiff, a prisoner currently housed at Correctional Training Facility ("CTF"), has filed a pro se action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court GRANTS Plaintiff's request for a second extension of time to file his second amended complaint. Dkt. No. 18. The Court GRANTS Plaintiff a final extension of time to January 31, 2025, to file his second amended complaint. Failure to file a second amended complaint within the time will result in the dismissal of this action without prejudice to re-filing once Plaintiff has identified the relevant individual.

**DISCUSSION**

On October 3, 2024, the Court screened the amended complaint as follows. The Court dismissed with prejudice the Eighth Amendment claim arising out of Plaintiff's allegation that he should not have been housed on an NDPF or on a Level II facility because of his Level I classification. The Court dismissed with prejudice the named defendants – defendants Gipson, Koenig, Ortega, Mak, Creamer, Esparza, and Hernandez – because this was the only claim brought against these defendants. The Court dismissed the Eighth Amendment claim that a prison official deliberately housed Plaintiff with an inmate known to be violent because the claim was brought against a Doe defendant and this action cannot proceed solely against a Doe defendant, in

1 part because the United States Marshal cannot effect service on an unknown person and the case

2 cannot proceed without service on the opposing party. The Court granted Plaintiff leave to file a

3 second amended complaint naming this prison official. *See generally* Dkt. No. 15.

4         On October 28, 2024, Plaintiff requested a thirty-day extension of time to file his second

5 amended complaint, stating that while he had begun the process of obtaining the forms and

6 documents to identify the relevant prison official, he had not yet identified the relevant individual.

7 Dkt. No. 16. The Court granted Plaintiff an extension of time to December 6, 2024, to file his

8 second amended complaint. Dkt. No. 17.

9         On December 9, 2024, Plaintiff requested a second thirty-day extension of time to file his

10 second amended complaint. Dkt. No. 18. Plaintiff stated that, on October 24, 2024, he had

11 submitted a Public Records Act Request to litigation coordinator Enrique Galvan, and had also

12 contacted the Office of Labor Relations, in an effort to obtain the name of the relevant individual,

13 but had not yet received a response. Plaintiff attached to his request for an extension of time his

14 Form CDCR 1432 Request to Inspect Public Records wherein he requested the "CDCR Form 154

15 of IP Raymond Bankhead bed move to RB 139/up on 10/04/2021, and any and all documentations

16 authorizing the bed move and the signatures of all officers who approved." Dkt. No. 18 at 7. The

17 Court GRANTS Plaintiff's second request for an extension of time to file his second amended

18 complaint because the record shows that Plaintiff is making a good-faith effort to identify the

19 relevant correctional officer. The Court REQUESTS that Correctional Training Facility's

20 Litigation Coordinator assist Plaintiff in identifying the relevant individual so that Plaintiff may

21 proceed with this action.

22         However, the Court is concerned that Plaintiff will be unable to state a cognizable Eighth

23 Amendment claim against this correctional officer for the following reason. It appears that

24 Plaintiff has had no interaction with this correctional officer. An Eighth Amendment claim

25 deliberate indifference to inmate safety claim requires Plaintiff to allege facts from which it can be

26 reasonably inferred that (1) the risk to Plaintiff's safety posed by housing Plaintiff with inmate

27 Bankhead was obvious to the Doe correctional official or that the Doe correctional official was

28 aware that there was a substantial risk to Plaintiff's safety if Plaintiff were housed with inmate

United States District Court
Northern District of California

1   Bankhead; and (2) there was no reasonable justification for exposing Plaintiff to the obvious or
2   known risk. *Lemire v. Cal. Dept. Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013)
3   (articulating two-part test for deliberate indifference: plaintiff must show, first, that risk was
4   obvious or provide other evidence that prison officials were aware of substantial risk to inmates'
5   safety, and second, no reasonable justification for exposing inmates to risk).  In other words, the
6   prison official must both be aware of facts from which the inference could be drawn that a
7   substantial risk of serious harm exists, and he must also draw that inference. *Farmer v. Brennan*,
8   511 U.S. 825, 837 (1994).  Neither negligence nor gross negligence will constitute deliberate
9   indifference. *See id*. at 825, 835-36 & n.4.  Given that Plaintiff does not know the identity of the
10  correctional official who authorized housing inmate Bankhead with Plaintiff, it is unclear as to
11  how Plaintiff would know facts from which Plaintiff could be aware of what the Doe correctional
12  official knew or did not know.  Conclusory allegations are insufficient to state a constitutional
13  claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (pleading that offers only labels and
14  conclusions or naked assertions devoid of further factual enhancement do not satisfy pleading
15  standard set forth in Fed. R. Civ. P. 8).

16       Because it is unclear whether Plaintiff can identify the relevant individual and whether
17  Plaintiff can state a cognizable Eighth Amendment claim against this individual even if he is able
18  to identify the relevant individual, this second extension of time is the final extension of time.  The
19  Court is reluctant to keep this action open indefinitely while Plaintiff conducts the fact-finding that
20  normally is conducted prior to the commencement of an action.  The Court GRANTS Plaintiff a
21  final extension of time to January 31, 2025, to file his second amended complaint.  Failure to file a
22  second amended complaint within the time will result in the dismissal of this action.  The
23  dismissal is without prejudice to Plaintiff filing a motion to reopen this action once he has
24  identified the relevant individual.  Any motion to reopen must be accompanied by a proposed
25  second amended complaint identifying the relevant individual.

## CONCLUSION

27   For the reasons set forth above, the Court ORDERS as follows.
28       1.    The Court GRANTS Plaintiff's request for a second extension of time to file his

3

1  second amended complaint.  Dkt. No. 18.

2      2.    The Court GRANTS Plaintiff a final extension of time to January 31, 2025, to file his second amended complaint.  Failure to file a second amended complaint within the time will result in the dismissal of this action.  The dismissal is without prejudice to Plaintiff filing a motion to reopen this action once he has identified the relevant individual.  Any motion to reopen must be accompanied by a proposed second amended complaint identifying the relevant individual.

    3.    The Court REQUESTS that Correctional Training Facility assist Plaintiff in identifying the relevant individual so that Plaintiff may proceed with this action.  The Clerk is directed to send a courtesy copy of this order to the Litigation Coordinator at Correctional Training Facility.

This order terminates Dkt. No. 18.

**IT IS SO ORDERED.**

Dated:   12/13/2024

*(signature)*
HAYWOOD S. GILLIAM, JR.
United States District Judge