UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKOU KWANE THOMPSON,<br>Plaintiff,<br>v.<br>KATHLEEN ALLISON, et al.,<br>Defendants. | Case No. 23-cv-05079-HSG<br>**ORDER OF SERVICE**<br>Re: Dkt. No. 20 |

Plaintiff, a prisoner currently housed at Correctional Training Facility ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His second amended complaint (Dkt. No. 20) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Second Amended Complaint (Dkt. No. 20)**

The second amended complaint names as defendants the following CTF correctional officials: officers Martin Magana, Oliva Castro, Don Zypel Igacio, and A. Pelayo; and sergeants Oscar Covarrubias, Jo-ann Crews, and Michael Hicks. Dkt. No. 20 at 2.

The second amended complaint makes the following allegations. On October 4, 2021, defendants Magana, Ignacio, and Castro put in a bed request for inmate Bankhead to be housed in Plaintiff's cell; defendant Pelayo accepted the request; defendants Covarrubias and Hicks reviewed the request; and defendant Crews approved the bed assignment. Plaintiff is in a level I cell. Inmate Bankhead is a known violent Level II prisoner. Placing inmate Bankhead in Plaintiff's cell was a violation of prison policy and procedures, which require prison officials to evaluate all factors, including the inmate's history of in-cell assaults or violence, when making, reviewing or approving housing requests. It was "obvious" to defendants that inmate Bankhead posed a risk to Plaintiff's safety due to inmate Bankhead's recent fight with another prisoner and because inmate Bankhead was "known for fighting." On October 28, 2021, Plaintiff was violently attacked and battered by inmate Bankhead. *See generally* Dkt. No. 20.

Liberally construed, the allegation states a cognizable Eighth Amendment claim for deliberate indifference to inmate safety. The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. A trier of fact may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious; a plaintiff therefore may meet his burden of showing awareness of a risk by presenting evidence of very obvious and blatant circumstances indicating that the prison official knew the risk existed. *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("risk that an inmate might suffer harm as a result of the repeated denial of meals is obvious"). But while obviousness of risk may be one factor in demonstrating subjective knowledge, a defendant's liability must still be based on actual awareness of the risk rather than constructive knowledge. *Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The following defendant(s) shall be served: Correctional Training Facility officers Martin Magana, Oliva Castro, Don Zypel Igacio, and A. Pelayo; and Correctional Training Facility sergeants Oscar Covarrubias, Jo-ann Crews, and Michael Hicks.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 20), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. As detailed above, the complaint states a cognizable Eighth Amendment claim for deliberate indifference to inmate safety against defendants Correctional Training Facility officers Martin Magana, Oliva Castro, Don Zypel Igacio, and A. Pelayo; and Correctional Training Facility sergeants Oscar Covarrubias, Jo-ann Crews, and Michael Hicks.

4. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

1  motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on
2  the motion.

3      5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the
4  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
5  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
6  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
7  any fact that would affect the result of your case, the party who asked for summary judgment is
8  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
9  makes a motion for summary judgment that is properly supported by declarations (or other sworn
10  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
11  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
12  as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
13  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
14  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
15  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*
16  *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does
17  not excuse Defendants' obligation to serve said notice again concurrently with a motion for
18  summary judgment.  *Woods*, 684 F.3d at 939).

19      6.      All communications by Plaintiff with the Court must be served on Defendants'
20  counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard
21  any document which a party files but fails to send a copy of to his opponent.  Until Defendants'
22  counsel has been designated, Plaintiff may mail a true copy of the document directly to
23  Defendants but once Defendants are represented by counsel, all documents must be mailed to
24  counsel rather than directly to Defendants.

25      7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
26  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
27  before the parties may conduct discovery.

28      8.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:   3/3/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge