UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKOU KWANE THOMPSON,<br>　　　　Plaintiff,<br>　　v.<br>MARTIN MAGANA, et al.,<br>　　　　Defendants. | Case No. 23-cv-05079-HSG<br><br>**ORDER DENYING RENEWED REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 27 |

Plaintiff, a prisoner currently housed at Correctional Training Facility ("CTF"), has filed a *pro se* civil rights action, alleging that CTF correctional officials Martin Magana, Oliva Castro, Don Zypel Igacio, A. Pelayo, Oscar Covarrubias, Jo-ann Crews, and Michael Hicks were deliberately indifferent to his safety in violation of the Eighth Amendment. *See generally* Dkt. Nos. 20, 21. Now pending before the Court is Plaintiff's renewed request for appointment of counsel. Dkt. No. 27. For the reasons set forth below, the Court DENIES Plaintiff's renewed request for appointment of counsel.

## DISCUSSION

Plaintiff has filed a renewed request for appointment of counsel. Dkt. No. 27. Plaintiff argues that appoint of counsel is necessary for the following reasons. Plaintiff is unable to afford counsel. Plaintiff has contacted potential legal counsel, but has received no response. This case is factually complex. Plaintiff has a limited knowledge of the law. Plaintiff only has a high school education. Plaintiff has sued several different correctional officials, some of whom are supervisory officials. Plaintiff has demanded a jury trial. The case will require document discovery and deposition. There will be factual disputes and this case will turn on the witnesses' credibility. Plaintiff's incarceration limits his access to legal materials and his ability to locate and

1  interview eyewitnesses.  A medical expert will be required.  Defendants may also present a

2  medical expert, and Plaintiff requires assistance in cross-examining a medical expert.  This case

3  requires "considerable" discovery concerning the identity of witnesses, officer reports and

4  statements regarding the incident and any prior history of failure to protect inmates, and Plaintiff's

5  medical history.  Plaintiff's case is meritorious.  *See generally* Dkt. No. 27.

6        There is no constitutional right to counsel in a civil case unless an indigent litigant may

7  lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Svcs.*, 452 U.S.

8  18, 25 (1981).  Appointing counsel is within the court's discretion and is granted only in

9  exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring

10  to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)).  A

11  finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's

12  success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in

13  light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of*

14  *America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together

15  before reaching a decision on a request for counsel under § 1915. See id. At this stage of the

16  action, it is unclear that Plaintiff will succeed on the merits as there is currently no operative

17  complaint

18        Plaintiff has previously requested appointment of counsel.  Dkt. No. 13.  On October 3,

19  2024, the Court denied the request in a reasoned order for lack of exceptional circumstances.  Dkt.

20  No. 15.  Plaintiff's circumstances have not changed since the Court's prior denial.  Plaintiff

21  continues to ably articulate his claims *pro* se, despite his high school education, his lack of legal

22  knowledge, and the limitations imposed by incarceration.  The issues presented – involving

23  deliberate indifference to inmate safety – are not complex.  At this stage in the litigation,

24  Plaintiff's likelihood of success on the merits remains unclear.  To the extent that Plaintiff has

25  concerns about his ability to investigate the case, discovery tools such as interrogatories and

26  requests for admissions are equally available to both *pro se* litigants and attorneys, and may be

27  used to determine the inmates living in the facility where Plaintiff resided at the time the incident

28  took place, to obtain statements and reports prepared regarding the incident, and to obtain reports

1  regarding other inmate-on-inmate assaults.

2  The Court DENIES Plaintiff's renewed request for appointment of counsel for lack of
3  exceptional circumstances.  Dkt. No. 13.

## CONCLUSION

For the reasons set forth below, the Court DENIES Plaintiff's renewed request for appointment of counsel.  Dkt. No. 27.  This denial is without prejudice to the Court *sua sponte* appointing counsel should justice so require.

This order terminates Dkt. No. 27.

**IT IS SO ORDERED.**

Dated:  7/9/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge