UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKOU KWANE THOMPSON,<br>Plaintiff,<br>v.<br>KATHLEEN ALLISON, et al.,<br>Defendants. | Case No. 23-cv-05079-HSG<br><br>**ORDER DENYING LEAVE TO FILE PROPOSED THIRD AMENDED COMPLAINT; DISMISSING ACTION**<br><br>Re: Dkt. No. 34 |

Plaintiff, an incarcerated person housed at Correctional Training Facility ("CTF"), has filed a *pro se* civil rights action. For the reasons set forth below, the Court DENIES Plaintiff's request for leave to file the proposed third amended complaint docketed at Dkt. No. 36, Dkt. No. 34; and DISMISSES this action.

**DISCUSSION**

In this action, Plaintiff has alleged that CTF correctional officers Martin Magana, Oliva Castro, Don Zypel Igacio, A. Pelayo, Oscar Covarrubias, Jo-ann Crews, and Michael Hicks were deliberately indifferent to his safety when, on October 4, 2021, they housed him with a known violent prisoner, inmate Bankhead. Dkt. Nos. 20, 21. On December 3, 2025, the Court granted judgment on the pleadings in favor of Defendants because this case presented the "rare event" where Plaintiff's failure to exhaust administrative remedies was clear on the face of the operative complaint and from judicially noticeable documents. Dkt. No. 33. Specifically, the record showed that Plaintiff had not filed any grievance challenging the decision to house him with inmate Bankhead. *Id.*

While the motion for judgment on the pleadings was pending, Plaintiff requested leave to file a third amended complaint. Dkt. No. 31 at 2. The Court denied this request because it was

not accompanied by a proposed third amended complaint, as required by N.D. Cal. L.R. 10-1. Dkt. No. 33 at 11-12. The Court further noted that it was unclear how a third amended complaint could cure the exhaustion issue as the prisoner-plaintiff is required to satisfy the exhaustion requirement prior to commencing the action. Dkt. No. 33 at 12. The Court's denial of this request was without prejudice to Plaintiff refiling the request and attaching the required proposed third amended complaint. *Id.*

Plaintiff has filed a renewed request for leave to file a third amended complaint, Dkt. No. 34, and filed a proposed third amended complaint, Dkt. No. 36. The proposed third amended complaint ("TAC") sets forth two claims. First, the proposed TAC challenges the decision to double-cell Plaintiff at CTF Soledad II. The proposed TAC alleges that double-celling Plaintiff at CTF violates the Eighth Amendment and state laws because prison memorandums and guidelines acknowledge that these cells are not designed for double-celling and because these cells deny Plaintiff "the minimal civilized living space in order to maintain mental and physical health and program efficiently." Dkt. No. 36 at 5. The proposed TAC also alleges that double-celling at CTF violates the Equal Protection Clause because it denies Plaintiff the same amount of floor and living space as others in CDCR custody with the same work, privilege, and security level. The proposed TAC brings this claim against defendants Allison, Maccomber, Koenig, Martinez, and Borla. Dkt. No. 36 at 4-6. Second, the proposed TAC repeats the Eighth Amendment claim against defendants Magana, Castro, Igacio, Pelayo, Covarrubias, Crews, and Hicks, which the Court has already dismissed for failure to exhaust. Dkt. No. 36 at 6-7.

The Court DENIES Plaintiff's request for leave to file the proposed third amended complaint at Dkt. No. 36. "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "It is true that leave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, granting leave to amend would be futile. The second claim in the proposed TAC has already been dismissed for

2

failure to exhaust and the proposed TAC does not cure the exhaustion issue. The first claim in the proposed TAC – inadequate cell size – must be raised in a separate action because it is unrelated to the Eighth Amendment claim regarding being housed with inmate Bankhead and brought against different defendants. Fed. R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In this action, Plaintiff may only seek relief for incidents that (1) arise out of the same occurrence; and (2) have a common question of law or fact common to all defendants. The claim regarding inmate Bankhead arises out of a separate occurrence as the claim regarding CTF cell size. Each claim involves a different set of defendants. These two claims may not be brought in the same action. Plaintiff may file a separate lawsuit raising his concerns about CTF cell size. The Clerk is directed to send Plaintiff two copies of the Court's prisoner civil rights complaint form.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES Plaintiff's request for leave to file the proposed third amended complaint at Dkt. No. 36, Dkt. No. 34. The Clerk is directed to send Plaintiff two copies of the Court's prisoner civil rights complaint form.

2. The Court DISMISSES this action as it has already dismissed the operative complaint for failure to exhaust, Dkt. No. 33. This dismissal is without prejudice to Plaintiff re-filing a new action raising the Eighth Amendment claim raised herein after he has exhausted administrative remedies. Judgment is entered in favor of Defendants and against Plaintiff.

//

//

//

This order terminates Dkt. No. 34.

**IT IS SO ORDERED.**

Dated: 1/14/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge